IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Edward J. Garabedian, )
    Plaintiff, )
  )
v. ) 1:08cv1221 (AJT/TRJ)
  )
Paul Lanteigne, et al., )
    Defendants. )

## MEMORANDUM OPINION

Edward J. Garabedian, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants violated a number of his constitutional rights. Plaintiff has submitted an application to proceed in forma pauperis, however, because he also has paid the $350 filing fee, his application will be denied as moot. By Order dated December 8, 2008, plaintiff was directed to particularize and amend his complaint. Plaintiff complied with the Court's Order on January 13, 2009, by submitting an amended complaint, various attachments, and requesting a preliminary injunction. Plaintiff also submitted additional attachments, including grievance forms, letters, and other documentation relating to his complaint on January 13 and February 4, 2009. After reviewing plaintiff's amended complaint, Claim 1, the first and second portions of Claim 6, Claim 8, and Claim 9 must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable

## I. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

## II. Analysis

Claim 1: Denial of Adequate Pain Medication

In Claim 1, plaintiff alleges that Dr. Jamal Udeen, who is employed by Correctional Medical

---

claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

2

Services and works at the Virginia Beach Correctional Center ("VBCC"), refused plaintiff "adequate pain medication" on January 7, 2008, after plaintiff discussed his medical problems with Dr. Udeen. Attach. Pt. 1 to Amend. Compl. (unnumbered pages). Plaintiff states that records from his general practitioners "show a consistent use of narcotic pain medication due to serious medical problems" from which plaintiff suffers, consisting of a "two inch shortness" in one leg, three herniated discs, and scoliosis. According to plaintiff, he had been taking Oxycontin for his pain, Celebrex for his inflammation and arthritis, and Zanaflex for muscle spasms, tightness, and cramps for four years prior to his incarceration at VBCC, and he is both dependent on these medications for pain and chemically dependent upon them. Plaintiff asserts that he repeatedly requested that Dr. Udeen and Beth Holcum, medical supervisor at VBCC, give him "adequate" pain medication, but that his requests were refused. Plaintiff states that Dr. Udeen informed plaintiff that he could not dispense the requested narcotics because VBCC "does not allow it." Plaintiff adds that Sheriff Lanteigne, custodian of VBCC, had knowledge of this, and therefore he also violated plaintiff's constitutional rights.

To support a claim of a denial of reasonable medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, a plaintiff must show deliberate indifference to that serious medical need; mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate

indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Assuming without deciding that plaintiff's condition rises to the level of a serious medical need, plaintiff has failed to allege facts to support his claim that defendants were deliberately indifferent to that need. Although "[i]t is true that the refusal to give an inmate any prescribed pain medication can amount to deliberate indifference," DeBoer v. Luy, 70 F. App'x 880, 883 (7th Cir. 2003) (emphasis added), plaintiff admits that he is receiving medication for his pain, although he believes that it is "inadequate." In his Request for a Preliminary Injunction, plaintiff states that he is receiving "1600 mg of ibuprofen, 3000 mg of Roboxin [sic] [a muscle relaxant used to decrease muscle pain and spasms], and 100 mg of Elavil [an anti-depressant]." Attach. Pt. 1 to Amend. Compl. (unnumbered pages). Thus, while plaintiff disagrees with Dr. Udeen regarding the course of his treatment, he acknowledges that he has not been denied all treatment. As a result, he has failed to state a claim against Dr. Udeen for denial of reasonable medical care.

Furthermore, although plaintiff names Holcum and Lanteigne as defendants, he has failed to allege any facts to support the application of supervisory liability to either defendant. To establish supervisory liability for a claim of denial of reasonable medical care, a plaintiff must show that the defendant (1) failed to provide promptly the needed medical care to plaintiff, (2) deliberately interfered with the prison doctors' performance, or (3) tacitly authorized or was indifferent to the prison physicians' constitutional violations. See Miltier, 896 F.2d at 854. Plaintiff alleges no facts

4

in support of the second theory. And, although plaintiff states that he made requests to defendant Holcum to provide him with specific narcotics, as already noted, such a claim merely represents disagreement with the treatment being provided by Dr. Udeen. Thus, there was, under the facts alleged by plaintiff, no denial of medical treatment by Holcum. Finally, neither Holcum nor Lanteigne can be said to have tacitly authorized any constitutional violations, as no such violations took place with regard to plaintiff's request for narcotic painkillers. Therefore, plaintiff has failed to state a claim for supervisory liability against defendants Holcum and Lanteigne.

Finally, plaintiff alleges that Deputy Morales, who is not named as a defendant in the amended complaint but who is referenced in Claim 1, interfered with plaintiff's medical treatment by responding to grievances intended for the medical department, and refusing plaintiff the right to appeal grievances on medical issues. Attach. Pt. 1 to Amend. Compl. (unnumbered pages). The Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F.Supp. 289, 294 (E.D.Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F.Supp. at 294. Therefore, plaintiff's allegations do not state a claim under § 1983. Plaintiff then has failed to state a claim against any defendants in Claim 1, and therefore, Claim 1 will be dismissed in its entirety pursuant to § 1915A.

Claim 6: Shoulder Injury

In the first portion of Claim 6, plaintiff alleges that Dr. Felix Kervin, an orthopedic surgeon; various medical assistants at Chesapeake General Hospital; an unnamed anesthesiologist selected

5

by Dr. Kervin; and an unnamed deputy in the operating room during surgery violated plaintiff's Eighth Amendment rights when plaintiff was operated on by Dr. Kervin for a fracture of plaintiff's left clavicle. Attach. Pt. 2 to Pet. (unnumbered pages). According to plaintiff, because the anesthesiologist failed to anesthetize plaintiff properly, he awoke during his surgery, tried to pull a tube from his throat, and had to be restrained and re-anesthetized. Plaintiff alleges that this caused further injury to his shoulder. Plaintiff also states that all of the defendants attempted to conceal this information. Taking plaintiff's allegations as true, at worst his claim rises to the level of negligence, so plaintiff's remedy lies not in a § 1983 complaint, but rather in a state tort action. Thus, this portion of Claim 6 will be dismissed for failure to state a claim pursuant to § 1915A.

In the second portion of Claim 6, Plaintiff claims that Dr. Udeen violated plaintiff's Eighth Amendment rights by failing to provide him with sufficient pain medication and ice packs following his surgery. Attach. Pt. 2 to Pet. (unnumbered pages). Plaintiff alleges that although Dr. Kervin ordered plaintiff to receive Vicodin four to six times a day, he only received it two times a day. Plaintiff also states that Dr. Kervin ordered that plaintiff use ice packs for "a week or two" following surgery, but that he was given an ice pack only two or three times in total. Finally, plaintiff alleges that once his Vicodin ran out, he was not given pain medication for one day until an unknown nurse ordered it for him. Such allegations do not rise to the level of an Eighth Amendment violation. Although a total denial of pain medication following surgery may amount to such a violation, a difference of medical opinion as to what medication is prescribed does not. See Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, although plaintiff was without pain medicine for one day, he clearly states that he was without it because his prescription had run out, and that a nurse ordered it for him as soon as possible. Thus, there is nothing to suggest that Dr. Udeen evinced

6

deliberate indifference to plaintiff's medical needs following his surgery, and this portion of Claim 6 will be dismissed pursuant to § 1915A for failure to state a claim.

Finally, in the third portion of Claim 6, plaintiff alleges that Dr. Kervin, who serves VBCC inmates through Correctional Medical Services, violated plaintiff's Eighth Amendment rights after Dr. Kervin refused to treat plaintiff's injured shoulder during a visit on September 8, 2008.[2] Attach. Pt. 2 to Pet. (unnumbered pages). According to plaintiff, he told Dr. Kervin about the pain he was experiencing and his inability to use his shoulder, and that he believed the pins inserted during surgery were not secure. Plaintiff alleges that Dr. Kervin told plaintiff he would not fix anything in plaintiff's shoulder, that plaintiff "only had one shot at it" and he had already given plaintiff that opportunity, and that if plaintiff wanted treatment, plaintiff would have to sue him. Because plaintiff has alleged facts sufficient to state a claim of a violation of his Eighth Amendment rights, the third portion of Claim 6 will remain pending before the Court.

Claim 8: Grievance Forms

In Claim 8, plaintiff alleges that Deputy Morales violated plaintiff's rights by answering grievances plaintiff intended for the medical department, denying plaintiff's request for appeals of

---

[2] Plaintiff also claims that Dr. Udeen violated his Eighth Amendment rights by delaying access to treatment for plaintiff's shoulder. However, plaintiff admits that he had surgery following his shoulder injury during his incarceration in 2006, and received a follow-up visit with Dr. Kervin prior to his release on January 23, 2007. Plaintiff also admits that following his next period of incarceration between March and June 2007, he spoke with Dr. Kervin's office numerous times about his injury, and although he claims that he was not given "adequate" pain medication, his disagreement with the type of medication he received does not state an Eighth Amendment violation. Finally, during plaintiff's current period of incarceration, plaintiff admits that he was sent to see Dr. Kervin again on September 8, 2008. Thus, the facts alleged by plaintiff, even assuming a serious medical need, do not evidence deliberate indifference by Dr. Udeen, but rather that Dr. Udeen made numerous attempts to ensure plaintiff was seen by Dr. Kervin when necessary and was treated with pain medication, albeit medication that plaintiff did not find agreeable.

7

his grievance forms, and failing to assign numbers to plaintiff's grievances. Attach. Pt. 2 to Pet. (unnumbered pages). Plaintiff also alleges that Sheriff Lanteigne and the Commonwealth of Virginia violated plaintiff's rights in this regard, though he fails to allege what, if anything, Lanteigne did to violate his rights. As already noted above, the Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams, 40 F.3d at 75. Thus, even if Morales failed to comply with the grievance procedures, this is not actionable under § 1983. See id. at 75; Mitchell, 856 F. Supp. at 294. Therefore, plaintiff's allegations do not state a claim under § 1983 against Deputy Morales. Further, plaintiff has failed to allege any facts to support imposition of supervisory liability on Sheriff Lanteigne, and any claim against the Commonwealth is barred pursuant to the Commonwealth's immunity under the Eleventh Amendment.[3] See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). As a result, Claim 8 will be dismissed for failure to state a claim pursuant to § 1915A.

Claim 9: Deliberate Indifference

In Claim 9, plaintiff alleges that defendants Udeen, Holcum, Lanteigne, Hightower and Morales are all responsible for violating plaintiff's Eighth and Fourteenth Amendment rights. Attach. Pt. 3 to Pet. (unnumbered pages). However, because plaintiff merely repeats claims already stated in his complaint, Claim 9 is repetitive and will be dismissed for failure to state a claim pursuant to § 1915A.

---

[3] Plaintiff appears to allege that the Commonwealth should not be immune from suit because the Americans with Disabilities Act ("ADA") expressly abrogates states' immunity. Plaintiff's reliance on the ADA is inappropriate, as it relates to employment discrimination, access to government programs, services, and activities, and access to public transportation. Plaintiff's complaint, filed pursuant to § 1983, does not allege facts supporting a claim pursuant to the ADA, so its provisions relating to abrogation of a state's immunity are inapposite here.

Improper Defendants:

In his amended complaint, plaintiff names as defendants the Commonwealth of Virginia, the City of Virginia Beach, Correctional Medical Services, the Virginia Beach Correctional Center, and Sheriff Lanteigne. As plaintiff was informed in the Court's December 8, 2008 Order, the City of Virginia Beach and Correctional Medical Services are not persons under § 1983. As well, the Virginia Beach Correctional Center also is not a person under § 1983. Additionally, the Commonwealth of Virginia is immune from suit under the Eleventh Amendment, as noted above. Finally, although plaintiff lists Sheriff Lanteigne as a defendant in nearly every claim in the amended complaint, he has failed to allege any facts to support supervisory liability. When a plaintiff seeks to hold a defendant liable on the ground of supervisory liability, the plaintiff must show that the supervisor had "actual or constructive knowledge of the risk of constitutional injury, that he demonstrated deliberate indifference to that risk, or that his actions were causally related to injury suffered by" the plaintiff. Turner v. Kight, 121 F. App'x 9, 15 (4th Cir. 2005). Failure to do so "is fatal to [a plaintiff's] claim" of supervisory liability. Id. Plaintiff has failed to allege facts indicating that Sheriff Lanteigne ever had knowledge of the issues alleged in the claims still pending before this Court, so he cannot be liable on the ground of respondeat superior to plaintiff. Therefore, the Commonwealth of Virginia, the City of Virginia Beach, Correctional Medical Services, the Virginia Beach Correctional Center, and Sheriff Lanteigne all will be dismissed as defendants.

Preliminary Injunction:

Additionally, plaintiff seeks a preliminary injunction in his amended complaint. Plaintiff requests that this Court order that plaintiff be provided with a cane, "adequate pain medication," and orthopedic shoes. Attach. Pt. 1 to Amend. Compl. In adjudicating requests for preliminary

9

injunction, the Fourth Circuit follows the "hardship balancing test" articulated in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Under that test, four factors must be considered: (1) the likelihood of irreparable harm to the plaintiff if the injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). "Plaintiff bears the burden of establishing that each of these factors supports granting the injunction." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (quoting Technical Publ'g Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984)).

The "likelihood of irreparable harm to the plaintiff" is the factor with which an analysis of a request for preliminary injunction should begin. Direx Israel, 952 F.2d at 812. The required "irreparable harm" must be "neither remote nor speculative, but actual and imminent." Id. (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)). Failure to make such a clear showing is by itself a sufficient ground upon which to deny a preliminary injunction. Id. (citing Gelco Corp. v. Conniston Partners, 811 F.2d 414, 418 (8th Cir. 1987)).

First, plaintiff has made no clear showing that he faces an actual and imminent threat of irreparable harm in the absence of the requested preliminary injunction. Plaintiff states only that the cane and orthopedic shoes would provide him with some relief from pain. Regarding his request for medication, as noted above, plaintiff admits that he is receiving medication, although he disagrees with the type that he is getting. These allegations are insufficient to warrant providing plaintiff with the injunctive relief he seeks. Second, even if plaintiff had met the threshold for a preliminary injunction, plaintiff's transfer from VBCC to another correctional institution has mooted his claims

for injunctive relief against VBCC defendants.

Copy Request:

As a final matter, plaintiff has made numerous requests that this Court copy his submitted pleadings and send those copies to plaintiff for his own records. The Court does not provide parties with free copies of filed pleadings or portions thereof. Plaintiff is advised that he may obtain copies of pleadings or other documents in the instant case by contacting the Clerk's Office and paying the appropriate cost for copies.

### III. Conclusion

For the above reasons, plaintiff has failed to state a claim against any of the named defendants in Claim 1, the first and second portions of Claim 6, Claim 8, and Claim 9. Accordingly, those claims and attendant defendants will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). The case will remain pending on Claims 2, 3, 4, 5, the third portion of Claim 6, and Claim 7. An appropriate Order shall issue.

Entered this 15th day of April 2009.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge